IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES DAWES-LLOYD, | CIVIL ACTION |
| Plaintiff, | |
| | NO. 09-2387 |
| v. | |
| PUBLISH AMERICA, LLP, | |
| Defendant. | |

**Jones, II, J.**  August 31, 2010

## MEMORANDUM

Before the Court is Defendant Publish America LLP's ("PA")[1] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim, as well as pursuant to Rule 56(c) for summary judgment in the alternative. For the reasons set forth below, the Motion to Dismiss will be denied but the Motion for Summary Judgment will be granted.

### I. BACKGROUND

On June 8, 2009, Plaintiff filed her Complaint *pro se* in this matter (Dkt. No. 3). Although Plaintiff identified only PA as a Defendant, she seemed to direct her claims at her former attorneys, alleging that the attorneys committed legal malpractice when representing her

---

[1]PA contends that Plaintiff has misidentified Publish America, LLLP as "PublishAmerica LLP" in her filings.

1

in earlier litigation and separate arbitration brought by her against PA.[2] Her Complaint did not identify any wrongdoing by PA, although she implied that PA had committed copyright infringement.

On June 8, 2009, this Court dismissed the Complaint *sua sponte* (Dkt. No. 2).[3] On August 7, 2009, Plaintiff filed an "Amended Motion for Punitive Damages" (Dkt. No. 7), which the Court permitted to be entered as an Amended Complaint on August 27, 2009 (Dkt. No. 10). The Amended Complaint consists of five paragraphs directed at PA, in which Plaintiff claims that PA has infringed on her copyright since June 2004. (Am. Compl. ¶ 2.)[4]

On October 20, 2009, PA filed its Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for Summary Judgment ("Motion"), along with its supporting Memorandum of Law ("Def. Mem.") (collectively, Dkt. No. 13). After being granted a continuance of time in which to respond, Plaintiff opposed PA's Motion on December 11, 2009 (Dkt. No. 19) ("Pl. Opp."). PA filed its Reply in support of its Motion on December 22, 2009 (Dkt. No. 22) ("Def. Reply").

---

[2]Plaintiff filed a separate federal suit against said attorneys, which was also been assigned to this Court's docket. *See Dawes-Lloyd v. Weisbrot, et al.*, 09-cv-2388 (E.D. Pa. filed May 22, 2009) (Jones, J.).

[3]In so doing, the Court held that Plaintiff failed to state the grounds for the Court's jurisdiction, make a plain statement of her claim, or state the relief she sought. *See* Dkt. No. 2, n.1.

[4]Plaintiff alleges that PA infringed on the copyright for her literary work, *A Child's Intuition*, by (1) marketing the book after agreeing in June 2004 to terminate the related publishing contract that had existed between Plaintiff and PA since June 2003; yet (2) only providing Plaintiff with a royalty payment of $1.92. (Am. Compl. ¶ 2.) *A Child's Intuition* is subject to the provisions of the 1976 Copyright Act, 17 U.S.C. §§ 101 *et seq.*, as it was created after January 1, 1978. *See McCormick v. Fugerson*, No. 94-3944, 1995 WL 128026, at *1, n.1 (E.D. Pa. Mar. 24, 1995).

2

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) "allows parties to file motions when a court's jurisdiction over the subject matter of the action is in question." *Pa. Protection and Advocacy, Inc. v. Houston*, 136 F. Supp. 2d 353, 359 (E.D. Pa. 2001). A Rule 12(b)(1) motion "may challenge jurisdiction based on the face of the complaint or its existence in fact." *Id.* (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A factual challenge occurs "when a party disputes the existence of certain jurisdictional facts alleged in the complaint." *Pa. Protection*, 136 F. Supp. 2d at 359 (citing *Carpet Group Int'l v. Oriental Rug Imp. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000)). In hearing such a factual challenge, "the court is free to consider and weigh evidence outside the pleadings to resolve factual issues bearing on jurisdiction." *Pa. Protection*, 136 F. Supp. 2d at 359 (citing *Mortensen*, 549 F.2d at 891; *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Therefore, with a factual challenge, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891; *Daily v. City of Phila.*, 98 F. Supp. 2d 634, 636 (E.D.Pa. 2000).

When the challenge is facial, however, "the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff." *Pa. Protection*, 136 F. Supp. 2d at 359 (citing *Mortensen*, 549 F.2d at 891)). This presumption of truthfulness does not require the Court to credit "bald assertions," "unsupported conclusions," "unwarranted inferences," or "legal conclusions masquerading as factual conclusions." *Morse v.*

3

*Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Nor is the Court forced to "presume that the plaintiff can prove facts it has not alleged." *Pa. Protection*, 136 F. Supp. at 359 (citing *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)).

### B.  Rule 12(b)(2)

Rule 12(b)(2) provides for dismissal for lack of personal jurisdiction. Once a defendant has raised lack of personal jurisdiction as a defense, the burden to prove that jurisdiction exists in the forum state lies with the plaintiff; a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). However, a plaintiff must show "with reasonable particularity" enough contact between the defendant and the forum as to support a *prima facie* case in favor of the exercise of personal jurisdiction by the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1986); *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Thus, a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, i.e., whether *in personam* jurisdiction actually lies." *Clark v. Matsushita Elec. Indus. Co., Ltd.*, 811 F. Supp 1061, 1064 (M.D. Pa. 1993) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

### C.  Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must also "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*,

4

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* See also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

### D. Rule 56(c)

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). In order to defeat a motion for summary judgment, disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. An issue is genuine if the fact finder could reasonably return a verdict in favor of the non-moving party with respect to that issue. *Anderson,*

5

477 U.S. at 248. In reviewing a motion for summary judgment, the court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion." *Seigel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

## III.  DISCUSSION

### A.  Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(2)

At the outset, the Court wishes to dispense with PA's jurisdictional challenges in this matter. First, pursuant to Rule 12(b)(1), PA argues that Plaintiff fails to adequately allege this Court's subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to register her copyright for *A Child's Intuition*. Def. Mem. at 5-6; Def. Reply at 2. At the time PA filed its Motion, the prevailing position in this District was that copyright registration was a jurisdictional prerequisite to a copyright infringement suit. *See, e.g., McCormick*, 1995 WL 128026 at *1. However, the Supreme Court has since clarified that failure to register for copyright registration does not restrict a federal court's subject matter jurisdiction with respect to infringement suits involving unregistered works. *Reed Elsevier Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010). As such, Plaintiff's failure to plead or establish that she owned a valid copyright for *A Child's Intuition* does not divest this Court of subject matter jurisdiction for purposes of PA's motion to dismiss. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615 (9th Cir. 2010) (post-*Reed Elsevier*, dismissal of complaint on basis of lack of subject-matter jurisdiction predicated on conclusion that plaintiff had not registered its copyright was error); *Kruska v. Perverted Justice Found. Incorporated.org*, No. 08-0054, 2010 WL 3210847, at *4 (D. Ariz. Aug. 9, 2010) ("Under *Reed Elsevier*, even if a plaintiff files a claim for copyright infringement

without satisfying § 411(a)'s registration requirement, a federal district court has jurisdiction over the claim.")[5]

Second, pursuant to Rule 12(b)(2), PA claims that Plaintiff fails to properly allege this Court's personal jurisdiction over PA because Plaintiff has not alleged any contacts between PA and the state of Pennsylvania. *See* Def. Mem. at 9 (citing *Simeone v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 670 (E. D. Pa. 2005) ("Under the Due Process clause, a court may not exercise personal jurisdiction over a non-resident defendant unless there are certain minimum contacts between the defendant and the forum state such that the maintenance of suit does not offend traditional notions of fair play and substantial justice.") (internal citation omitted)). When the issue of personal jurisdiction is raised, it is incumbent upon the plaintiff to show either that "the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has continuous and systematic contacts with the forum state (general jurisdiction)." *See Mellon Bank (East) PSFS v. Diveronica Bros. Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (internal quotations omitted).

In this case, Plaintiff has provided no set of facts from which the court could infer that the PA has the systematic and continuous contacts with Pennsylvania necessary to establish general jurisdiction. Therefore, whether this court has personal jurisdiction turns on whether PA's interaction with Plaintiff is sufficient to establish the minimum contacts necessary to show

---

[5] While PA does not raise the issue, the Court notes that Plaintiff's Amended Complaint does not allege her own state of residence or that of PA, although it does claim "diversity" because "the parties involved reside in different states." (Am. Compl. ¶ 1.) However, the Court has been able to infer from the filings that PA is a Maryland resident, and as such, finds that the *pro se* Plaintiff could adequately amend her Complaint to include specific allegations of diversity and thus the Court maintains subject matter jurisdiction over Plaintiff's claims.

specific jurisdiction.[6] *See World-Wide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 297 (1980) (plaintiff must show that defendant's activities with the forum state are "such that he should reasonably anticipate being haled into court there"); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (due process is satisfied when non-resident defendant has established such minimum contacts with the forum state "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice"). Here Plaintiff alleges that she is a citizen of Pennsylvania and avers in her Opposition that PA "sent [her] an unsolicited e-mail, offering to republish [her] E-Book, 'A CHILD'S INTUITION.'" Pl. Opp. at 1. Granting Plaintiff's pleadings the leniency due to a *pro se* litigant,[7] the Court finds that Plaintiff has sufficiently alleged PA's reach from Maryland into Pennsylvania to create a relationship, complete with obligations, with Plaintiff, as well as a claim arising out of that contact, leading to a reasonable exercise of personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 475; *Zippo Mfg.*, 952 F. Supp. at 1124. Ultimately, however, even overcoming PA's jurisdictional challenges is not enough to save Plaintiff's claims here.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, for Summary Judgment

Under Section 411(a) of the 1976 Copyright Act, "no civil action for infringement of the

---

[6] "A three-prong test has emerged for determining whether the exercise of specific personal jurisdiction is appropriate: (1) the defendant must have sufficient minimum contacts with the forum state, (2) the claim asserted against the defendant must arise out of those contacts, and (3) the exercise of jurisdiction must be reasonable." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1122-23 (W.D.Pa. 1997)

[7] "In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff." *Johnson v. Phila. County*, No. 09-5482, 2010 WL 1995126, at *1 (E.D. Pa. May 17, 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)).

copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C.A. § 411(a). Indeed, "'[t]o establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of the original elements of the plaintiff's work.'" *Beholder Prods., Inc. v. Catona*, 629 F. Supp. 2d 490, 493 (E.D. Pa. 2009) (quoting *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005)). Plaintiff's Amended Complaint fails to aver, nor does Plaintiff offer any evidence, that she applied for or received a copyright registration for her literary work. In her Opposition to PA's Motion, however, Plaintiff essentially asks for leave to further amend her pleadings, and claims that the copyright for *A Child's Intuition* was registered on August 21, 2002 as "#R692-8372." *See* Pl. Opp. at 1. Taking care to consider all of Plaintiff's factual allegations as true, and once again bearing in mind Plaintiff's *pro se* status, the Court will consider Plaintiff's allegations as to the copyright registration sufficient to state a claim at the outset, and deny PA's Rule 12(b)(6) motion. *See Phillips*, 515 F.3d at 233.

However, such allegations are insufficient at the summary judgment stage where the evidence clearly demonstrates that Plaintiff's purported copyright registration does not exist. *See Celotex*, 477 U.S. at 322-23.[8] PA has submitted documentation demonstrating that a search of the United States Copyright Office's records yields no evidence of said registration number pertaining to Plaintiff's literary work; the Copyright Office lists no work registered under Plaintiff's name or *A Child's Intuition*. *See* Ex. A to Def. Reply, Second Affidavit of Victor

---

[8]While PA moves for summary judgment on the ground that Plaintiff's claims are barred by collateral estoppel, the Court need not reach that particular contention, as it first finds that Plaintiff has failed to establish the existence of her copyright registration, an element essential to her copyright claims.

Cretella ("Cretella Aff.") ¶ 1 (citing Exs. 1-9 to Cretella Aff.) (Dkt. No. 20).[9] Plaintiff has offered no contradictory evidence whatsoever that her copyright registration does in fact exist, and thus has raised no genuine issue of material fact in this regard. *See Bromhall v. Rorvik*, 478 F. Supp. 361, 366 (E.D. Pa.1979) (converting defendant's motion to dismiss to motion for summary judgment and granting said motion; no cause of action under 1976 Copyright Act for alleged infringement of doctoral thesis since copyright registration had not been effected); *Kruska*, 2010 WL 3210847 at *3 (post-*Reed Elsevier*, converting motion to dismiss to motion for summary judgment and granting said motion where plaintiff did not demonstrate that she registered the materials at issue in her copyright infringement claims); *Staggs v. West*, No. 08-0728, 2010 WL 2670979, at *3 (D. Md. Jun. 25, 2010) (plaintiff's "repeated claim that his sound recording is protected by a valid copyright is not tantamount to alleging and proving the existence of a valid copyright registration. He has produced no documentation suggesting that such a registration actually exists. Nor has he refuted the fact that online records of the United States Copyright Office contain no registration in his favor as to the sound recording.").[10]

---

[9] PA submits documentation of copyright searches for "Dolores Dawes," "Dolores Lloyd," "Dolores Dawes-Lloyd," "Child's Intuition," and "Childs Intuition." While a search for "Dawes" resulted in 426 registrations to individuals with "Dawes" appearing in their names, a search for "Lloyd" resulted in 5701 registrations to individuals with "Lloyd" appearing in the names, and a search for "Intuition" resulted in 4001 registrations, no entries were registered to "Dolores Dawes" or "Dolores Dawes-Lloyd," nor were there any registrations for *A Child's Intuition*. *See* Cretella Aff. ¶ 1. Furthermore, registration number r692-8372 resulted in no entries; said number does not appear to represent a correctly formatted identification number and no variation on the number yielded any results. *See id.*

[10] In *Staggs*, the United States District Court for the District of Maryland granted the defendant's motion to dismiss, without even converting it to a summary judgment motion, for failure to state a claim because the plaintiff "failed to allege or demonstrate the existence of a valid copyright registration" and thus "failed to meet § 411(a)'s statutory prerequisite" so as to maintain an infringement claim. *Staggs*, 2010 WL 2670979 at *3.

## IV. CONCLUSION

Since Plaintiff has failed to raise a genuine issue of material fact regarding her lack of ownership of a valid copyright for the literary work at issue, she cannot survive summary judgment in this matter. Accordingly, Defendant **Publish America LLP's** Motion will be granted. An appropriate Order follows.



ENTERED

CLERK OF COURT